UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| NORMAN EBERT, | ) | | FILED: JULY 31, 2008 |
| | ) | | 08CV4340 |
| Plaintiff, | ) | No. | JUDGE GRADY |
| | ) | | MAGISTRATE JUDGE COLE |
| vs. | ) | Judge | |
| | ) | Magistrate | JFB |
| VILLAGE OF KILDEER, | ) | | |
| Kildeer Police Officer | ) | | |
| GREG ABSHIRE, star 485, | ) | Jury Demand | |
| | ) | | |
| Defendants. | ) | | |

## COMPLAINT

1.  This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2.  Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.  Plaintiff is a citizen of the United States, and a resident of the Village of Roselle.

5.  Defendant-Officer ABSHIRE is a duly appointed and sworn Village of Kildeer police officer. At all times relevant to this Complaint, Defendant-Officer ABSHIRE was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

6.  ABSHIRE is sued in his individual capacity.

7.  The VILLAGE OF KILDEER is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant-Officer WEBER.

### Facts

8.  On or about October 25, 2006, at about 4:00 p.m., Plaintiff was driving a truck southbound on Quintin Road, approaching Rand Road, in the Village of Kildeer, Lake County, Illinois.

9.  At said date, time, and place, Plaintiff was on-duty and driving said truck for his

employer, Franklin Cartage. It was the end of the day, and Plaintiff was driving back to the company base to drop off his truck and drive home. Plaintiff has worked for Franklin Cartage for eight years.

10. Plaintiff was stopped by Kildeer police officer Andrew Weber.

11. Defendant ABSHIRE soon arrived on the scene.

12. ABSHIRE and Weber had Plaintiff get out of the truck.

13. There was no legal justification to continue the seizure of Plaintiff.

14. Officer ABSHIRE performed an HGN test on Plaintiff.

15. Plaintiff passed the HGN test.

16. After Plaintiff passed the HGN test, the officers continued to detain Plaintiff.

17. Plaintiff was not free to leave.

18. There was not legal justification for the continued seizure of Plaintiff.

19. Weber had Plaintiff perform several field sobriety tests. Plaintiff passed the tests.

20. After Plaintiff took the tests, Plaintiff was arrested for driving under the influence (DUI).

21. There was not probable cause to arrest Plaintiff for DUI.

22. Defendant-Officer ABSHIRE searched Plaintiff's truck.

23. Plaintiff's truck was searched without probable cause or legal justification.

24. At the police station, Defendant ABSHIRE gave Plaintiff a breathalyser test. The result was 0.00.

25. There was not any legal justification to give Plaintiff a breathalyser test.

26. Defendant-Officer ABSHIRE acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

27. As a direct and proximate result of the acts of Defendant ABSHIRE described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and monetary losses including medical expenses, attorney's fees, money posted for bond, and lost wages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

28. Plaintiff realleges paragraphs 1 through 27 as if fully set forth herein.

29. After Plaintiff was stopped by officer Weber, Defendant ABSHIRE continued the seizure of Plaintiff.

30. There was not reasonable suspicion or any other lawful basis for the continued seizure of Plaintiff after the initial stop.

31. The actions of Defendant-Officer ABSHIRE in seizing Plaintiff without any legal justification violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officer ABSHIRE;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Illegal Search of Vehicle)

32. Plaintiff realleges paragraphs 1 through 27 as if fully set forth herein.

33. Defendant-Officer ABSHIRE searched Plaintiff's truck.

34. There was no legal justification to search Plaintiff's truck.

35. Searching Plaintiff's truck without any legal justification violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officer ABSHIRE;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – False Arrest)

36. Plaintiff realleges paragraphs 1 through 27 as if fully set forth herein.

37. Defendant-Officer ABSHIRE arrested Plaintiff.

38. There was not any legal justification to arrest Plaintiff.

39. The arrest violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officer ABSHIRE;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Illegal Search of Person)

40. Plaintiff realleges paragraphs 1 through 27 as if fully set forth herein.

41. Defendant-Officer ABSHIRE had Plaintiff take a breathalyser test.

42. There was not any legal justification to have Plaintiff take a breathalyser test.

43. Having Plaintiff take a breathalyser test violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officer ABSHIRE;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (42 U.S.C. § 1983 – *Monell* Claim against the VILLAGE OF KILDEER)

44. Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

45. Defendant-Officer ABSHIRE had Plaintiff take a breathalyser test, even though there was no evidence or reasonable suspicion that Plaintiff was impaired by alcohol, pursuant to a VILLAGE OF KILDEER policy of giving breathalyser tests to persons who are suspected of

being impaired by drugs.

    WHEREFORE, Plaintiff asks that this Honorable Court:

    a)    Enter judgment against the VILLAGE OF KILDEER;

    b)    Award Plaintiff compensatory damages, as determined at trial;

    c)    Award Plaintiff attorney's fees and costs;

    d)    Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

46.    Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

47.    The acts of the Defendant-Officer ABSHIRE described in the above claims were willful and wanton, and committed in the scope of his employment.

48.    Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant VILLAGE OF KILDEER is liable for any judgments in this case arising from the actions of Defendant-Officer ABSHIRE.

    WHEREFORE, Plaintiff asks that this Honorable Court order Defendant VILLAGE OF KILDEER to indemnify Defendant-Officer ABSHIRE for any judgment entered in this case arising from his actions.

**Plaintiff demands trial by jury.**

    Respectfully submitted,

    /s/ Lawrence V. Jackowiak
    *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595